STANLEY *v.* NORTHWESTERN LIFE ASS'N.

*(Circuit Court, D. Kentucky.* November 25, 1887.)

1. INSURANCE—ACTION ON POLICIES—PLEADING.
   A petition on a certificate of insurance against a mutual benefit association, alleging that defendant was the legal successor of another such association which had issued the certificate, having received all its assets and effects, and assumed to pay all its liabilities, and to fulfill all its obligations and engagements, including the demand sued on, sufficiently states that the first association no longer exists, and that defendant is its legal successor, to maintain the action.

2. SAME—MUTUAL BENEFIT INSURANCE—ASSESSMENT.
   In the application assured agreed to pay "one assessment" within 30 days from its date, when made as provided in the by-laws. The by laws provided that a member failing to pay his assessment within 30 days from its date should stand suspended, etc. *Held* that, by failure to pay any one assessment within the time prescribed, the certificate would lapse, but the payment of at least one assessment was not a condition precedent to recovery.

3. SAME—NOTICE OF ASSESSMENT.
   The by-laws also require the secretary to send a notice of each assessment to the member at his last known post-office. *Held,* that the act of sending the notice is an essential part of the "notice" or "assessment," and, unless done within a reasonable time after its date, the 30 days should not be estimated from such date.

At Law. On demurrer to the petition.
*Henry Burnett,* for plaintiff.
*Green & Gilbert,* for defendant.

BARR, J. This suit was brought against the defendant, although the beneficiary certificate was issued by the Northwestern Benevolent & Mutual Aid Association, which is not a party to this litigation. The

petition states, as a reason for this, "that the defendant is the legal successor of the Northwestern Benevolent & Mutual Aid Association, of Bloomington, Ill., having received all its assets and effects, and for a valuable consideration it assumed to pay all its liabilities, and fulfill all its engagements, and meet all its obligations, including the demand now sued on." The allegation that the defendant as a corporation is the legal successor of the first association must mean that the corporation has ceased to exist, and that the defendant is its legal successor, and has taken its assets, and assumed its liabilities. This, I think, is sufficient to entitle plaintiff to maintain this action. The certificate sued on is issued to Mrs. Stanley, in consideration of the membership fee of $10 paid, the warranted representations, covenants, and agreements made in her application, "and the further payment of one assessment within thirty days after the date of such assessment, whenever made in accordance with the terms and conditions of the constitution and by-laws of the association, as they now exist or may hereafter be modified." It is somewhat difficult to ascertain the purpose of this recital of the consideration, and it is insisted that the payment of one assessment within the time specified is a condition precedent to a recovery. In a subsequent part of the certificate it is provided "that if the said Mrs. Alice Stanley shall not pay the assessment hereinbefore specified, on or before the time mentioned for the payment hereof, then this certificate shall be null and void, and of no effect." The only assessments which are "hereinbefore specified" is the one assessment mentioned in the recital of the consideration for the issuing of the certificate. It may be that the word "one" is an error of the printer, and that it should have been "all" assessments; but the court must construe the certificate as it is, if it can be done. There are "no assessments heretofore specified" in the certificate, but assessments, if needed to pay benefits, are provided for in the by-laws of the association. The eighteenth by-law provides: "The constitution and by-laws are a part of the contract between the association and all of its members, and all certificates should be so interpreted, whether so expressed in the certificate or not;" and another by-law (5) provides "that every member failing to pay his assessment, within thirty days from the date of said assessment, shall stand suspended from all benefits and privileges of the association." I conclude that, taking all of the provisions, if one assessment is not paid within the time as therein provided, the certificate will be null and void; but the certificate does not mean that, unless one assessment is paid, there can be no recovery. It might be there would be no assessment made before the death of the member. By-law 5 directs how the assessment shall be made, and, as I read it, there is no assessment distinct from the notice, but the notice is to be in the form of an assessment. The secretary is required to cause to be sent a notice which is in the form of an assessment to every member of the association at his last-known post-office. The act of sending this notice is, however, distinct from the notice, which is in the form of an assessment, addressed to a member. It is insisted that a member must pay his assessment within 30 days after the date of the assessment, even though no

notice is sent, else his certificate is null and void. I am inclined to the opinion, in view of the eighteenth by-law, that the 30 days should not be estimated from the date of the notice, which is really the assessment, unless the secretary has sent, or caused to be sent, such notice or assessment to the last-known post-office of the member within a reasonable time after the date of the assessment. It is made the duty of the secretary to send members notice of the assessments, both by the constitution and by-laws of the association, and unless he does this it will be utterly impossible for the members to pay their assessments within 30 days after the date of the assessment. This view is strengthened by the peculiar language of the fifth by-law. Although it is true the act of sending the notice is distinct from the writing called a "notice," which is to be in the form of an assessment, the use of the word "notice" in this connection would mean to the ordinary member of the association that sending to the last-known post-office was part of and included in the notice mentioned in this by-law. Demurrer overruled.